MR. CHIEF JUSTICE TURNAGE,
dissenting:
I respectfully dissent from the majority decision finding error in the division of the marital estate and remanding this cause for further proceedings. I would affirm the decree of the District Court.
The majority, in part, appears to be concerned about valuation of certain marital property. In Finding of Fact No. 12, the court found that the parties had prepared and filed a stipulation as to the value of the marital estate. In light of that finding, there should be no dispute about valuations.
The standard of review needs no citation. However, as a reminder, we have adopted this standard:-
“A District Court has far-reaching discretion in dividing the marital property. Our standard of review is that the District Court’s judgment, when based upon substantial credible evidence, will not be altered unless a clear abuse of discretion is shown.”
In Re Marriage of Stewart (Mont. 1988), [232 Mont. 40,] 757 P.2d 765, 767, 45 St.Rep. 850, 852. The obvious reason for adopting this standard of review in marital cases was the recognition that the District Court inevitably is called upon to exercise its discretion based upon the court’s opportunity to personally observe the witnesses and hear the testimony in relation to the discrete circumstances of the marriage of the parties. This opportunity afforded the District Judge is not available to this Court, and we should not presume to second-guess the District Judge.
The findings of the District Court fairly establish that the wife has, for a considerable period of time during the marriage, found employment away from the farm and the husband has continuously de *206 voted his time to the management of the farm. The result of the individual effort of the parties in their separate endeavors produced almost equal incomes over a five-year average with the wife’s income exceeding somewhat that of the husband.
Recent agricultural history would indicate operations comparable to that of the husband’s farm are barely break-even propositions. If the agricultural assets were to be distributed in part to both parties, it would be almost inevitable that this family farm would cease to exist.
MR. JUSTICE GULBRANDSON and MR. JUSTICE HUNT join in the foregoing dissent of MR. CHIEF JUSTICE TURNAGE.